UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00272-MOC

| | |
|---|---|
| **SCOTTIE MULLINAX,** | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,** | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on the Commissioner's Motion to Dismiss (#7) based on plaintiff's failure to timely file this action. After initial consideration of the motion, the court entered an Order (#9) advising the *pro se* plaintiff of the nature of the motion, explaining her right to respond, and describing how such a response could be submitted. The court allowed plaintiff until January 30, 2015, to file such response. See Order (#9). No response has been filed within the time allowed and review of the court's docket reveals that the correspondence containing such Order was not returned.

While the 60-day period (plus five days for mailing) for filing this action had run by the time this action was filed, plaintiff has not come forward with any reason why she did not file her Complaint within the time allowed. Thus, no exceptional circumstances that could justify late filing have been presented and the court is without any basis to apply equitable tolling. See Bowen v. City of New York, 476 U.S. 467 (1986) (explaining that equitable tolling of the 60–day requirement is justified where it is consistent with the intent of Congress and called for by the facts of the particular case); Hyatt v. Heckler, 807 F.2d 376, 380 (4th Cir.1986) (holding that

-1-

in light of <u>Bowen</u>, equitable tolling applies *if* plaintiff can show exceptional circumstances). Further, the court has reviewed the docket for any reason to equitably toll the filing deadline. Review of the Complaint reveals that plaintiff did not sign the Complaint until two days after the deadline had run. <u>See</u> Complaint (#1). Further, review of the court's calendar reveals that the court was open for business on the last day that plaintiff could timely file, which was October 14, 2014. Finally, the court has independently calculated the total period and concurs with the calculation of the Commissioner.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Commissioner's Motion to Dismiss (#7) is GRANTED, and this action is dismissed as untimely filed.

Signed: February 6, 2015

Max O. Cogburn Jr.
United States District Judge